IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>          Plaintiff,<br><br>     v.<br><br>LAMCO'S APPLIANCE, INC., and DOES 1 through 10, inclusive,<br><br>          Defendants. | 2:06-cv-0528-GEB-GGH<br><br>ORDER RE:  SETTLEMENT AND DISPOSITION |

On June 1, 2006, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than June 21, 2006. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

/////
/////
/////
/////

1

1  The status conference scheduled for June 19, 2006, is reset
2  for hearing on September 11, 2006, in the event that no dispositional
3  document is filed, or if this action is not otherwise dismissed.
4  Further, a joint status report shall be filed fourteen days prior to
5  the status conference.[1]

6  IT IS SO ORDERED.

7  Dated:  June 2, 2006

             /s/ Garland E. Burrell, Jr.
             GARLAND E. BURRELL, JR.
             United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).